NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VINOD SHARMA; VIJAY L. SHARMA,

Plaintiffs-Appellants,

v.

HSI ASSET LOAN OBLIGATION TRUST
2007-1; HSI ASSET SECURITIZATION
CORPORATION,

Defendants-Appellees.

No. 22-16614

D.C. No. 2:22-cv-00928-TLN-CKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted April 22, 2024**

Before:     CALLAHAN, LEE, and FORREST, Circuit Judges.

Vinod Sharma and Vijay L. Sharma appeal pro se from the district court's

judgment dismissing their action alleging federal and state law claims arising from

a foreclosure.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed the Sharmas' action on the basis of claim preclusion because the claims involved the same parties and primary right raised in a prior state court action that resulted in a final judgment on the merits. *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law."); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015) (setting forth elements of claim preclusion under California law).

The district court properly denied the Sharmas' request to remand the action or to sever and remand the state law claims. *See* 28 U.S.C. § 1367(a) (stating that district courts "shall have supplemental jurisdiction" in actions in which they have original jurisdiction); § 1441(a) (setting forth basis for removal jurisdiction); § 1446(b) (setting forth procedures for timely removal); *see also City of Oakland v. BP PLC*, 969 F.3d 895, 903-08 (9th Cir. 2020) (setting forth standard of review and analyzing denial of a motion to remand following removal on the basis of federal question jurisdiction); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000-01 (9th Cir. 1997) (en banc) (setting forth standard of review and describing factors district court should consider in deciding whether to decline or retain supplemental

jurisdiction).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Defendant's motion to strike (Docket Entry No. 13) is denied as unnecessary.

**AFFIRMED.**